Dear Earl F. Hance
On behalf of the Department of Agriculture ("Department") and the State Ethics Commission ("Commission"), your predecessor asked for our opinion concerning a 2007 law that permits the Department, in certain circumstances, to employ farmers who are subject to its regulatory authority. That law created a special exception to provisions of the Public Ethics Law that limit secondary employment and outside financial interests of State employees and required the Department, in consultation with the Commission, to adopt regulations to govern possible conflicts involving employees who fall within the exception. You state that, during that consultation, it became evident that the Department and the Commission disagree as to the breadth of the 2007 law.
In our opinion, the 2007 law allows an employee of the Department, other than the Secretary and Deputy Secretary, to own or operate a farm so long as the employee does not exercise any regulatory or supervisory authority over that farm and complies with the regulations adopted by the Department to implement the law. The restrictions on secondary employment and financial interests in the Public Ethics Law continue to apply to Department employees with respect to other employment or financial interests, apart from a farm, that a Department employee may have. And, of course, Department employees are fully subject to other provisions of the Public Ethics Law that are unrelated to the 2007 law. *Page 89 
 I Background
You indicated that the Department of Agriculture seeks to recruit staff that have a background or expertise in farming. Unsurprisingly, that pool of candidates includes individuals who are owners or operators of farms. Hiring farmers, however, has raised issues for the Department and its prospective employees under the Public Ethics Law. Annotated Code of Maryland, State Government Article ("SG"), § 15-101 et seq.
A. Public Ethics Law
The Public Ethics Law governs the employment and conduct of State officials and employees. Among other things, it generally bars an executive branch official or employee from employment with, or having a financial interest in, an entity that is "subject to the authority of" his or her agency. SG § 15-502(b)(1)(i). More generally, an executive branch employee or official may not hold any other outside employment if the employment relationship would impair his or her impartiality and independent judgment. SG § 15-502(b)(2).
The statute specifies some exceptions to the general rule. For example, there is an exception for officials appointed to a regulatory or licensing unit when a statute that requires the regulated industry to be represented on the unit. SG § 15-502(c)(2). There is also an exception for board members with respect to employment or financial interests held at the time of appointment, if the prospective board member publicly disclose the otherwise disqualifying interest to the appointing authority, the Commission, and if applicable, the Senate prior to confirmation. SG § 15-502(c)(4). The statute also delegates to the Commission the authority to establish other exceptions by regulation, under certain conditions, and to grant special exceptions in extraordinary situations at an agency's request upon the Governor's recommendation. SG § 15-502(c)(1), (c)(3), (d).
In a similar vein, an executive branch official or employee is barred from employment with an entity that has a contract with the State if his or her duties "substantially" relate to the subject matter of the contract and the contract requires the State to pay at least $1,000. SG § 15-503; see also SG § 15-502(b)(1)(ii) (prohibition against employment or financial interest in entity negotiating *Page 90 
contract with employee's agency). State officials and employees in the executive branch are also prohibited from providing assistance, on a contingency fee basis, to an entity in any matter "before or involving any unit of the State." SG § 15-504.[1]
There are other provisions of the Public Ethics Law, not implicated by your request, which apply to officials and employees of the Department. For example, the Public Ethics Law restricts participation in matters involving specified potential conflicts, forbids misuse of the prestige of office or of confidential information, and limits solicitation and acceptance of gifts. SG §§ 15-501, 15-505, 15-506, 15-507.
We understand that the Department has sought and obtained exceptions to the secondary employment and financial interest restrictions from the Commission in order to employ farmers in various positions within the Department, including Secretary and Deputy Secretary.
B. Agriculture Article § 2-102(e)
In 2007, the Legislature created for Department employees a specific exception to the secondary employment and financial interest restrictions of the Public Ethics Law. It states:
 (1) Notwithstanding the provisions of §§ 15-502 through 15-504 of the State Government Article, an individual who owns or operates a farm that is subject to the regulatory authority of the Department may be employed within the Department, if the individual, with respect to the farm activities of the individual's farm, does not exercise any regulatory or supervisory authority in the individual's capacity as an employee of the Department.
 (2) The Department, in consultation with the State Ethics Commission, shall adopt *Page 91 
regulations to govern conflicts of interest with respect to employment of individuals who own or operate a farm under this subsection.
Annotated Code of Maryland, Agriculture Article ("AG"), § 2-102(e).
C. Consultation on Draft Regulations
The Department has drafted regulations to implement AG § 2-102(e). During consultation with Commission staff concerning the draft regulations, it became evident that there was a difference of opinion between the Department and the Commission as to the breadth of the exception created in AG § 2-102(e).
The Department's draft regulations would require employees, and applicants for employment, to disclose any interest in a farming business. They would bar an employee who is also a farmer from participating, in the employee's official capacity, in any Department matter involving the employee's farming business or a competing farm. Each employee who is a farmer would execute a Non-Participation Agreement incorporating that prohibition.
The Department takes the position that a farm associated with a Department employee may take part in current and future Department programs for farms, so long as the farmer employee avoids involvement in the matter simultaneously as part of the employee's duties within the Department. Moreover, under the Department's view, a current employee of the Department who inherits or purchases a farm while employed at the Department could come within the exception of AG § 2-102(e), if the employee complies with the conditions of that statute and the related regulations.
By contrast, the Commission believes that the effect of AG § 2-102(e) is more limited. It agrees that the 2007 legislation permits the Department to hire individuals who own or operate farms subject to restrictions on future participation. However, it does not believe that the exception applies to an employee who inherits or purchases a farm at some time after he or she commenced employment with the Department or that it covers Department programs initiated after an individual is hired by the Department. *Page 92 
 II Analysis
A. Statutory Language
The text of AG § 2-102(e) seems straightforward. Shorn of its qualifying phrases, the statute provides that "an individual who owns or operates a farm subject to the regulatory authority of the Department may be employed within the Department." There is a key qualification to this authorization: the individual may not exercise any regulatory authority over his or her own farm as an employee of the Department. If that qualification is met, the permission granted in AG § 2-102(e) displaces the provisions of the Public Ethics Law that, for example, would otherwise prohibit the farmer employee having a financial interest in an entity — i.e., the farm — subject to the regulatory authority of the Department.
Of course, this exception is limited to interests in farms. The provisions of the Public Ethics Law concerning other secondary employment and financial interests continue to apply to Department employees. Moreover, the exception in AG § 2-102(e) does not extend to other provisions of the Public Ethics Law — e.g., those limiting gift solicitation and participation in matters involving a conflict, and the use of confidential information.
In providing that a farmer "may be employed within the Department" subject to the specified condition, AG § 2-102(e) does not limit the exception to newly hired employees of the Department. If the Legislature had meant to restrict the exception in that way, the statute could have simply stated that a farmer "may be hired by the Department."[2] Nor does there appear to be any temporal limitation in the statutory text as to the Department programs that the employee's farm may participate in. *Page 93 
B. Comparison to Other Exceptions
As noted earlier in this opinion, the Public Ethics Law itself contains a specific exception to the secondary employment and financial interest restrictions for interests that exist and that are disclosed at the beginning of State service. In particular, under SG § 15-502(c)(4), a prospective member of a State board who has an employment or financial interest that would otherwise be forbidden by the Public Ethics Law is exempt from that prohibition "if the employment or financial interest is publicly disclosed to the appointing authority, the Ethics Commission, and, if applicable, the Senate of Maryland before Senate confirmation." SG § 15-502(c)(4). This exception applies only to interests held at the time of appointment and would not apply to an employment or a financial interest acquired by a board member after appointment.
AG § 2-102(e) is unlike the "time of appointment" exception in the Public Ethics Law for prospective board members. The two provisions differ in the scope of conflicts they deal with. AG § 2-102(e) deals with a very specific potential conflict — ownership or operation of a farm; SG § 15-502(c)(4) allows for exemption of any prohibited outside employment or financial interest. The two provisions resolve potential conflicts in different ways: AG § 2-102(e) delegates to the Department, with the assistance of the Commission, the task of devising regulations for dealing with the potential conflicts engendered by farm ownership; SG § 15-502(c)(4) relies solely on public disclosure.
The public disclosure requirement for prospective board members in SG § 15-502(c)(4) likely entails that an appointee whose outside employment or financial interest poses too great a potential for a conflict of interest will not be appointed or confirmed for the position. Such a device is clearly limited to potential conflicts at the time of appointment. It could prove ineffective in dealing with employment or financial interests acquired after appointment, particularly if the board member serves a term. Thus, the exception in SG § 15-502(c)(4) is reasonably limited to those interests that exist at the time of appointment and does not encompass those that may arise after the time of appointment.
Another exception to the Public Ethics Law that appears in the Agriculture Article is also illustrative. It provides that "[n]otwithstanding the provisions of §§ 15-502 through 15-504 of the State Government Article, a person may be appointed to and serve on the board [of trustees of the Maryland Agricultural Land *Page 94 
Preservation Foundation] as an at-large member even if prior to theappointment the person sold an easement in the person's agricultural land to the Foundation." AG § 2-503(a)(4) (emphasis added). It is clear from the language of this exception that it pertains only to a potential conflict that came into existence before the individual's association with the State. It would not apply if the individual wished to sell an easement after he or she had been appointed to the board. By contrast, AG § 2-102(e) is not conditioned on farm ownership prior to or at the time of appointment.
C. Legislative History
Our review of the legislative history of AG § 2-102(e) does not lead to a different conclusion. As originally introduced in the General Assembly in 2007, House Bill 558 would have created an exception to the Public Ethics Law to allow a farmer to be appointed as Secretary or Deputy Secretary of the Department or to be employed otherwise within the Department, if the individual "with respect to the farm activities of the individual's farm, does not exercise any regulatory or supervisory authority in the individual's capacity as an employee or appointee of the Department." House Bill 558 (first reader).
In testimony in support of the bill, the Department stated that it had encountered difficulty recruiting qualified employees — which it attributed in part to restrictions under the Public Ethics Law on secondary employment and financial interests of State employees. When it sought to hire a farmer to fill a position, the Department found that it frequently had to request an exception to those rules from the Ethics Commission. Legislative Comment of Department of Agriculture submitted to House Environmental Matters Committee concerning House Bill 558 (February 20, 2007). The Department argued that the changes wrought by the bill would improve its ability to both hire and retain qualified employees. Id. Several proponents noted that the majority of Maryland farmers have other employment in addition to the interest in their farms. See, e.g., Testimony of Chesapeake Bay Foundation on House Bill 558 (February 20, 2007).
The bill was amended in the House to remove the Secretary and Deputy Secretary from the provision — presumably in light of the complications that might be caused by a requirement that the head of the Department not exercise the regulatory authority of the *Page 95 
Department.[3] In addition, a provision was added directing the Department to devise regulations, in consultation with the Ethics Commission, to govern conflicts of interest of individuals hired pursuant to the exception. House Bill 558 (third reader).
When the amended bill was under consideration in the Senate, the Commission expressed its opposition to the measure. Letter of Suzanne S. Fox, Executive Director, State Ethics Commission, to Senator Roy P. Dyson, Vice Chairman of Education, Health, and Environmental Affairs Committee (March 21, 2007). The Commission took the position that the Ethics Law itself already contained a mechanism for seeking case-by-case exceptions to the secondary employment and financial interest restrictions and that all State employees should be subject to the same restrictions and same uniform process for seeking an exception. Nevertheless, the Senate passed the bill, but added an uncodified requirement that the Department and Commission jointly report to the General Assembly the number of farmers hired by the Department after the effective date of the bill, their positions within the Department, and the resolution of any conflicts of interest that were addressed by the Department.
While the impetus for the bill apparently arose from the Department's difficulties in attracting new employees and much of the testimony focused on how the bill would facilitate recruitment, this does not mean that the effect of the bill was limited to new hires.[4] The Fiscal Note to the 2007 bill summarized the effect of the bill: "This bill exempts employees of the Maryland Department of Agriculture (MDA) from specified State ethics law restrictions, allowing an individual who owns or operates a farm regulated by MDA to be employed within MDA." Revised Fiscal Note to House Bill 558 (March 26, 2007). This accords with a plain language reading of the text of the statute. *Page 96 
 III Conclusion
In our opinion, AG § 2-102(e) allows an employee of the Department, other than the Secretary and Deputy Secretary, to own or operate a farm so long as the employee does not exercise any regulatory or supervisory authority over that farm and complies with Department regulations implementing the law. The restrictions on secondary employment and financial interests in the Public Ethics Law continue to apply to Department employees with respect to other employment or financial interests, apart from a farm, that a Department employee may have. And, of course, Department employees are fully subject to other provisions of the Public Ethics Law that are unrelated to AG § 2-102(e).
Douglas F. Gansler Attorney General
Robert N. McDonald Chief Counsel Opinions and Advice
[1] There is an exception for judicial and quasi-judicial proceedings, as well as matters before the Workers' Compensation Commission, Maryland Automobile Insurance Fund, and Criminal Injuries Compensation Board. SG § 15-504(a)(3).
[2] Notably, an unsuccessful legislative proposal in 2006 would have amended the Public Ethics Law to create an exception to the secondary employment and financial interest restrictions for farmers "appointed or hired" by the Department. House Bill 588/Senate Bill 793 (2006). Each of the cross-filed 2006 bills passed both houses, but with different amendments and the disparate amendments were never reconciled in a conference committee.
[3] A Secretary or Deputy Secretary could still qualify for a special exemption from the Commission pursuant to SG § 15-502(d).
[4] One would not expect significant discussion of how the bill would affect existing Department farmer employees. Any farmers employed by the Department prior to the bill presumably already had obtained an individual exception from the Commission and would not benefit from a general statutory exemption. Moreover, the Legislature had previously considered language that explicitly related to new hires. See note 2, above. *Page 97